IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KATHLEEN WORLEY**, and **TERRY WORLEY**, her husband,

    Plaintiff,

vs.                                   Case No.: 3:12-cv-01041-MCR

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, a foreign corporation,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

Defendant, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], by and through undersigned counsel, hereby moves this Court for leave to Amend its Answer and Affirmative Defenses to Plaintiff's Complaint dated March 27, 2012. As grounds, Defendant states:

1. This case arises from a motor vehicle accident occurring on September 1, 2010. The vehicle driven by Plaintiff, Kathleen Worley, was rear ended by a vehicle operated by Marcus Thomas. As a result, Mr. Thomas was cited for following too closely.

2. Plaintiff filed a Complaint on March 27, 2012. On April 25, 2012, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint.

3. Defendant denied negligence in its Answer and Affirmative Defenses.

However, at the time the Answer was filed, Defendant had no knowledge of any comparative negligence on the part of Plaintiff. Accordingly, the affirmative defense of comparative negligence was not asserted.

4. On April 9, 2013, the deposition of Marcus Thomas was taken. Mr. Thomas testified that he was stopped at a yield sign behind Plaintiff (Thomas Dep. 9:15-18)[1]. Upon traffic clearing, Plaintiff began to negotiate a right turn (Thomas Dep. 9:18-21). Then, suddenly and without warning, Plaintiff stopped. There was no apparent reason for Plaintiff to stop since there weren't any vehicles, pedestrians, or other objects in the road that would have required Plaintiff to stop (Thomas Dep. 33:8-20).

5. Prior to Mr. Thomas' deposition, Defendant was unaware of any comparative negligence on the part of Plaintiff.

6. Defendant's proposed Amended Answer and Affirmative Defenses is attached to this Motion as exhibit "A."

7. Pursuant to Federal Rule of Civil Procedure Rule 15 and Local Rule 3.01(g), undersigned counsel certifies that opposing counsel has been contacted. Opposing counsel objects to this Motion.

## MEMORANDUM OF LAW

Defendant is seeking relief to amend its Answer and Affirmative Defenses. It is well settled that a party may amend a pleading where evidence is discovered warranting

---

[1] Pursuant to Local Rule 3.03, Mr. Thomas' deposition transcript has not been filed. Undersigned counsel will file Mr. Thomas' deposition transcript upon the Court's request and approval.

such an amendment. Federal Rules of Civil Procedure Rule 15(2) provides that the court should freely give leave when justice so requires. In the instant case, Defendant has discovered evidence that Plaintiff was comparatively negligent in causing the accident alleged in the Complaint. Accordingly, this Court should grant Defendant's motion as justice requires that Defendant be allowed to assert the affirmative defense of comparative negligence and present evidence of the same to a jury.

Wherefore, Defendant respectfully requests this Court for an order granting leave for it to amend its Answer and Affirmative Defenses to add the affirmative defense of comparative negligence on the part of Plaintiff.

Dated this 21st day of August, 2013.

_/s/_

_____
**Jeffrey J. Humphries, Esquire**
Florida Bar No.: 708631
**Tiffany M. Jones, Esquire**
Florida Bar No.: 44294
**O'HARA HALVORSEN HUMPHRIES PA**
4811 Beach Boulevard, Suite 303
Jacksonville, Florida  32207
Telephone:  (904) 346-3166
Facsimile:  (904) 346-5445
Email: tjones@oharalawfirm.com and
tiffany@ohhlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Charles Sorenson, Esquire.

_____
Tiffany M. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHLEEN WORLEY, and TERRY
WORLEY, her husband,

    Plaintiff,

vs.                                    Case No.: 3:12-cv-01041-MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
a foreign corporation,

    Defendant.
_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, State Farm Mutual Automobile Insurance Company, answers the Complaint of Plaintiffs, Kathleen Worley and Terry Worley, as follows:

1. Defendant admits the allegations of paragraph one of the Complaint for jurisdictional purposes only; otherwise, Defendant denies those allegations.

2. Defendant is without knowledge, therefore, denied.

3. Defendant admits the allegations of paragraph three.

4. Defendant denies the allegations of paragraph four.

5. Defendant denies the allegations of paragraph five.

6. Defendant admits that it is a mutual insurance company authorized to do business in the State of Florida and selling automobile insurance in the state of Florida. Defendant denies the allegations of paragraph six to the extent those allegations are not specifically admitted herein.



7. Defendant admits that at the time of the accident, the Plaintiff, Kathleen Worley, maintained uninsured/underinsured motorist coverage by virtue of two (2) policies of automobile insurance on which the Plaintiff was a named insured. Policy No. C061-596-59H providing uninsured/underinsured motorist coverage in the amount of $100,000 and Policy No. L043-196-59 providing uninsured/underinsured motorist coverage in the amount of $250,000 per person. Plaintiff is bound by the provisions, conditions, and limitations contained within each policy. Defendant denies the allegations of paragraph seven to the extent they are not specifically admitted herein.

8. Defendant denies the allegations of paragraph 8.

9. Defendant reaffirms and incorporates its answers to paragraphs 1 through 8.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

## AFFIRMATIVE DEFENSES

12. This Defendant is entitled to a set-off for any contractual or other discount given by medical care providers to any collateral sources of payment for past medical expenses incurred by Plaintiff.

13. Plaintiff is seeking uninsured or underinsured motor vehicle coverage benefits which duplicate the benefits available to her under Workers' Compensation law, personal injury protection coverage law, disability benefits law, or similar law, under automobile medical expense coverage, under motor vehicle liability insurance coverage, or from the owner or operator of an underinsured or uninsured motor vehicle, or any other person or organization jointly or severally liable together with such owner or operator of the vehicle. By the terms of section 627.727, Florida

Statutes, Plaintiff may not recover underinsured or uninsured motor vehicle coverage benefits to the extent of such duplication.

14. Defendant affirmatively avers that the Plaintiff, Kathleen Worley, while operating a motor vehicle, was herself comparatively negligent in the operation of the motor vehicle, and that such comparative negligence produced, or was a contributing legal cause of, the loss, injury, or damage alleged in the Plaintiffs' Complaint; and, therefore, under the doctrine of comparative negligence, any recovery by the Plaintiff must be reduced accordingly in proportion to the Plaintiff's own negligence.

## DEMAND FOR JURY TRIAL

15. Defendant demands a trial by jury of any issues triable of right by a jury.

Dated this _____ day of August, 2013.

                                                      _____
                                                      **Jeffrey J. Humphries, Esquire**
                                                      Florida Bar No.: 708631
                                                    **Tiffany M. Jones, Esquire**
                                                    Florida Bar No.: 44294
                                                    **O'HARA HALVORSEN HUMPHRIES PA**
                                                    4811 Beach Boulevard, Suite 303
                                                    Jacksonville, Florida  32207
                                                    Telephone:  (904) 346-3166
                                                    Facsimile:  (904) 346-5445
                                                    Email:tjones@oharalawfirm.com
                                                    and tiffany@ohhlaw.com
                                                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of August, 2013, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing to the attorney for Plaintiff, Charles Sorenson, Esquire.

_____
Tiffany M. Jones