IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KATHLEEN WORLEY**, and **TERRY WORLEY**, her husband,

    Plaintiff,

vs.                                             Case No.: 3:12-cv-01041-MCR

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**,
a foreign corporation,

    Defendant.
_____/

**DEFENDANT'S AMENDED MOTION FOR LEAVE TO AMEND
ANSWER AND AFFIRMATIVE DEFENSES AND RESPONSE
TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFEDANT'S MOTION FOR LEAVE TO AMEND ANSWER**

Defendant, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], by and through undersigned counsel, hereby moves this Honorable Court for leave to Amend its Answer and Affirmative Defenses to Plaintiff's Complaint dated March 27, 2012, and extend the deadline by which to amend pleadings to allow the amended answer. As grounds, Defendant states:

1. This case arises from a motor vehicle accident occurring on September 1, 2010. The vehicle driven by Plaintiff, Kathleen Worley, was rear ended by a vehicle operated by Marcus Thomas. As a result, Mr. Thomas was cited for following too closely.

2. Plaintiff filed a Complaint on March 27, 2012. On April 25, 2012, Defendant

filed its Answer and Affirmative Defenses to Plaintiff's Complaint.

3. Defendant denied negligence in its Answer and Affirmative Defenses. However, at the time the Answer was filed, Defendant had no knowledge of any comparative negligence on the part of Plaintiff. Accordingly, the affirmative defense of comparative negligence was not asserted.

4. The deadline for the parties to amend their pleadings was on January 18, 2013.

5. On April 9, 2013, the deposition of Marcus Thomas was taken. Mr. Thomas testified that he was stopped at a yield sign behind Plaintiff. (Thomas Dep. 9:15-18)[1]. Upon traffic clearing, Plaintiff began to negotiate a right turn. (Thomas Dep. 9:18-21). Then, suddenly and without warning, Plaintiff stopped. There was no apparent reason for Plaintiff to stop since there weren't any vehicles, pedestrians, or other objects in the road that would have required Plaintiff to stop (Thomas Dep. 33:8-20).

6. Prior to Mr. Thomas' deposition, Defendant was unaware of any comparative negligence on the part of Plaintiff.

7. Following Mr. Thomas' deposition, Defendant continued discovery. The discovery conducted following Mr. Thomas' deposition included the depositions of four of Plaintiff's current employers. Each of the employers were questioned about their knowledge of the accident and the facts of the

---

[1] Pursuant to Local Rule 3.03, Mr. Thomas' deposition transcript has not been filed. Undersigned counsel will file Mr. Thomas' deposition transcript upon the Court's request and approval.

accident as related to them by Plaintiff as any testimony regarding Plaintiff's corroboration of Mr. Thomas' account of the accident could be used at trial as impeachment.

8. Following Mr. Thomas' deposition, Plaintiff also continued discovery. On May 10, 2013, Plaintiff propounded update interrogatories on Defendant. Plaintiff's interrogatory number one requested, "any differences, added facts, additions or changed circumstances to any of your previous answers to interrogatories." On June 10, 2013, Defendant timely answered Plaintiff's updated interrogatories. In response to interrogatory number one, Defendant answered, "As to interrogatory number $10^2$ of Plaintiff's First Interrogatories to State Farm, Marcus Thomas testified that Plaintiff was stopped at a yield sign. Upon traffic clearing, she began to proceed through the yield sign. Plaintiff then, suddenly and without warning, came to a stop."

9. The final discovery deposition was taken on August 14, 2013, by Defendant of Plaintiff's employer at Riverside Endoscopy Center.

10. One week later, on August 21, 2013, Defendant filed Defendant's Motion for Leave to Amend Answer and Affirmative Defenses. (Doc. 22). This is Defendant's first request to amend its Answer.

11. On August 22, 2013, Plaintiff filed Plaintiffs' Memorandum in Opposition to Defendant's Motion for Leave to Amend Answer and Affirmative Defenses.

---

[2] Interrogatory number 10 to Plaintiff's First Interrogatories to State Farm requested the following information, "Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question."

   (Doc. 24).  This Court requested Defendant's response and allowed the filing of the instant Motion no later than August 30, 2013.  (Doc. 26).

12. Pursuant to this Court's request, each of the issues requested will be addressed in the order presented.

## LEGAL ARGUMENT AND MEMORANDUM OF LAW

*Untimeliness of Motion*: Plaintiffs allege that Defendant's Motion was untimely and the product of undue delay.  As outlined above, Defendant learned Plaintiff's comparative negligence after the deadline by which to amend its Answer.  Upon learning of facts to support the affirmative defense of comparative negligence on the part of Plaintiff, Defendant continued discovery in an effort to obtain additional evidence and/or an admission of such negligence on the part of Plaintiff.  Defendant continued its discovery through the discovery deadline on August 14, 2013.  One week later, Defendant filed its Motion for Leave to Amend Answer and Affirmative Defenses.  (Doc. 22).  Accordingly, there was no undue delay in the filing of Defendant's Motion. Defendant continued to seek discovery to support its claim and upon the close of discovery filed its Motion for Leave to Amend.

  Defendant believes the above is sufficient to satisfy the good cause standard as stated in Federal Rule of Civil Procedure Rule 16.  In this Court's order, it cited to <u>Sosa v. Airprint Systems, Inc.</u> and <u>Johnson v. Mammoth Recreation, Inc.</u>  Respectfully, each of those cases can be distinguished from the instant case.  In <u>Sosa</u>, the party seeking an amendment to its pleading learned of the basis for the amended prior to suit being filed and was placed on notice of the need to amend by the opposing party's interrogatory

answers. 133 F.3d 1417, 1419 (11th Cir. 1998). The same is true in <u>Johnson</u>. 975 F.2d 604 (9th Cir. 1992). Here, the party seeking the amendment was placed on notice of need to amend its pleadings and join another party several times prior to the deadline to add parties. <u>Id</u>. at 606-07. In the instant case, Defendant did not learn of any evidence to support an amendment of the pleadings prior to this Court's deadline.

  *Futility*: Plaintiffs allege that Defendant's motion for leave to amend is futile as a claim for comparative negligence on the part of Plaintiff would not survive summary judgment.

  Plaintiff was rear ended by Marcus Thomas. There is a rebuttable presumption of negligence on a driver that rear ends another. The presumption can be rebutted when there is a sudden and abrupt stop by the lead driver at a time and place where it could not be reasonably expected by the following driver. <u>Pierce v. Progressive American Ins. Co.</u>, 582 So. 2d 712, 714 (5th Dist. Ct. App. 1991). The court in <u>Pierce</u> goes on to say that a factual issue is created when the sudden and abrupt stop is at a time and place that could not reasonably be expected. <u>Id</u>. In the instant case, Mr. Thomas testified that he and Plaintiff were stopped at a yield sign. (Thomas Dep. 9:15-18). Upon traffic clearing, Plaintiff proceeded through the yield sign. (Thomas Dep. 9:18-21). Upon realizing that it was safe for him to proceed through the yield sign, Mr. Thomas proceeded forward. (Thomas Dep. 10:3-20). Plaintiff then stopped. Mr. Thomas testified that there was no apparent reason for Plaintiff's stop as there weren't any vehicles, pedestrians, or other objects in the road that would have required her to stop. (Thomas Dep. 33:8-20). Mr. Thomas' testimony establishes that Plaintiff suddenly and abruptly stopped at a time and

place where it could not have reasonably been expected by Mr. Thomas. Accordingly, Defendant's proposed affirmative defense is not futile and would survive a motion for summary judgment as a genuine dispute as to a material fact exists.

Ultimately, the determination of whether Plaintiff was comparatively negligent is a jury question. Defendant requests that it be allowed to present this evidence to the jury and assert the affirmative defense of comparative negligence on the part of Plaintiff.

*Prejudice*: Plaintiffs allege that they were unfairly prejudiced by Defendant's undue delay in filing its motion to amend. However, Plaintiffs have not indicated how they were prejudiced or what, if any, additional or different discovery they would have conducted absent the alleged undue delay.

Defendant asserts that Plaintiff has not been prejudiced by any undue delay on the part of Defendant and was placed on notice of Defendant's denial of negligence and assertion that Plaintiff was comparatively negligent for months prior to the discovery deadline. On April 25, 2012, more than six months prior to this Court's pleading amendment deadline, Defendant filed an Answer to Plaintiffs' Complaint and denied negligence. Accordingly, Plaintiff was on notice that Defendant did not believe it was negligent in causing the accident. Next, Plaintiffs were present for the deposition testimony of Marcus Thomas and his allegation of comparative negligence on the part of Plaintiff on April 9, 2013. Finally, Plaintiff propounded update interrogatories on Defendant on May 10, 2013, requesting changes in the facts of the case. As outlined above, Defendant amended its answer to Plaintiff's interrogatory related to any negligence on the part of Plaintiff, Kathleen Worley. Defendant's answers to Plaintiff's

update interrogatories were produced on June 10, 2013, more than 60 days prior to this Court's discovery deadline. Since that time, Plaintiff has not scheduled any additional depositions or requested any additional discovery from Defendant related to Plaintiff's alleged negligence. Plaintiffs cannot now allege that they have been prejudiced.

In contrast, Defendant will be prejudiced if it is not allowed to assert a claim for comparative negligence on the part of Plaintiff. It is well settled that the Defendant stands in the shoes of the tortfeasor. Here, Defendant has denied negligence. However, the jury will not be given the opportunity to apportion fault or damages if Defendant is not allowed to amend its answer and assert comparative negligence on the part of Plaintiff, Kathleen Worley. Accordingly, Defendant would be significantly prejudiced if the Court denied its motion for leave to amend answer. If the jury was convinced that Plaintiff, Kathleen Worley, was negligent in contributing to the accident they would not be able to reflect this on the verdict form.

The Pre-Trial Conference in this matter is scheduled to occur on December 4, 2013. Defendant does not object to this Court granting Plaintiff a discovery extension to conduct discovery related to any comparative negligence on the part of Plaintiff, Kathleen Worley. It should be noted that Plaintiffs have ample time to conduct any additional discovery on this matter; should they choose to do so. Defendant is not requesting a continuance to the trial of this matter.

Wherefore, Defendant respectfully requests this Court to extend the deadline to amend pleadings for Defendant to amend its answer and for an order granting leave for Defendant to amend its Answer and Affirmative Defenses to add the affirmative defense

of comparative negligence on the part of Plaintiff, Kathleen Worley.

Dated this 30th day of August, 2013.

**Jeffrey J. Humphries, Esquire**
Florida Bar No.:  708631
**Tiffany M. Jones, Esquire**
Florida Bar No.:  44294
**O'HARA HALVORSEN HUMPHRIES PA**
4811 Beach Boulevard, Suite 303
Jacksonville, Florida  32207
Telephone:  (904) 346-3166
Facsimile:  (904) 346-5445
Email: tjones@oharalawfirm.com and
tiffany@ohhlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2013, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing to the attorney for Plaintiff, Charles Sorenson, Esquire.

Tiffany M. Jones