**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KATHLEEN WORLEY and TERRY
WORLEY, her husband,

      Plaintiffs,

vs.                                                    Case No:  3:12-cv-1041-J-MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an insurance
corporation,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Partial Summary

Judgment (Doc. 40) filed October 15, 2013.  Defendant filed a response in opposition to

this Motion on October 28, 2013.  (Doc. 42).  Accordingly, the matter is ripe for judicial

review.

## I.  PROCEDURAL BACKGROUND

Plaintiffs, Kathleen and Terry Worley, filed a complaint in state court on March

28, 2012 against Defendant, State Farm Mutual Automobile Insurance Company, as a

result of an automobile accident occurring on September 1, 2010.  (Doc. 2).[1]  Plaintiff,

Kathleen Worley, was injured in the accident with an underinsured driver, Marcus Reed

Thomas,[2] and now seeks payment from her insurance carrier pursuant to her policies,

"which included combined/stacked uninsured motorist coverage for bodily injury in the

---

[1] Defendant removed the litigation to this Court on September 20, 2012.  (Doc. 1).

[2] In the Complaint, Plaintiff erroneously refers to Mr. Thomas as "Thomas Marcus Reed."  (Doc. 1, ¶4).

amount of $350,000.00 per person." (Doc. 2, ¶7). Mrs. Worley's husband, Terry Worley, seeks damages for loss of consortium. (Doc. 2).

On September 20, 2012, Defendant filed its answer and affirmative defenses. (Doc. 3). Defendant sought leave to amend the affirmative defenses, and did so on September 10, 2013 (Doc. 31). In the amended answer, Defendant added an affirmative defense of comparative negligence. Id. On October 15, 2013, Plaintiffs filed the instant Motion asking the Court to grant summary judgment in their favor on the issue of Mr. Reed's negligence and on the affirmative defense of comparative negligence.

## II. BACKGROUND FACTS[1]

On the afternoon of September 1, 2010, Mrs. Worley was driving her minivan to her children's school. (See Deposition of Mrs. Worley, attached as Exhibit 1 to Doc. 42, pp. 33-34). At the intersection of Monument Road and McCormick Road, her vehicle was struck from behind. Id. at p.39. According to Mrs. Worley, she was stopped in the right turn lane of Monument Road. Id. There is a yield sign at that intersection. Id. at p.37. While the light on Monument Road was red, Mrs. Worley was hit from behind by Mr. Thomas. Id. at p.39.

Mr. Thomas testified that on the day of the accident, he was stopped behind Plaintiff on Monument Road in the right turn lane. (See Deposition of Mr. Thomas, attached as Exhibit 2 to Doc. 42, p.9). He stated that Plaintiff began to pull out to make the turn and when she did so, he looked both left and right and as there were no cars

---

[1] Consistent with summary judgment practice, the facts stated are either undisputed or are stated in a light most favorable to Plaintiff. See White v. Mercury Marine, Div. of Brunswick, Inc., 129 F.3d 1428, 1430 (11th Cir. 1997).

coming, he started to go.  Id. at pp. 9-10.  Mr. Thomas stated there was no reason for

Plaintiff to stop after she began the turn; there were no other vehicles or pedestrians

preventing her from completing the turn.   Id. at p.33.

### III.  <u>STANDARD OF REVIEW</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a),

Fed.R.Civ.P.  An issue is genuine when the evidence is such that a reasonable jury

could return a verdict in favor of the non-movant.  See Mize v. Jefferson City Bd. of

Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ. Co.,

9 F.3d 913, 919 (11th Cir. 1993)).  In determining whether summary judgment is

appropriate, a court "must view all evidence and make all reasonable inferences in favor

of the party opposing summary judgment."  Haves v. City of Miami, 52 F.3d 918, 921

(11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d

1571, 1578 (11th Cir. 1994)).  The inferences, however, must be plausible.  See Griesel

v. Hamlin, 963 F.2d 338, 341 (11th Cir. 1992); Mize, 93 F.3d at 743.  If a reasonable

juror could infer from the evidence presented the conclusions upon which the non-

moving party depends, the motion for summary judgment should be denied.  Alphin v.

Sears, Roebuck & Co., 940 F.2d 1497, 1500 (11th Cir. 1991).

The party seeking summary judgment bears the initial burden of demonstrating to

the court, by reference to the record, that there are no genuine issues of material fact to

be determined at trial.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.

1991).  "When a moving party has discharged its burden, the non-moving party must

then go beyond the pleadings, and by its own affidavits, or by depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is a

genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.,</u> 64 F.3d 590, 593-94 (11th

Cir. 1995) (internal citations and quotation marks omitted).

## IV.  <u>DISCUSSION</u>

In the instant case, Plaintiffs argue that summary judgment is appropriate on

Defendant's affirmative defense of comparative negligence.  Specifically, Plaintiffs point

out that in Florida "there is a rebuttable presumption of negligence that attaches to the

rear driver in a rear-end motor vehicle collision case."  (Doc. 40, pp. 4-5).  Plaintiffs

acknowledge Defendant could rebut the presumption by presenting evidence showing

Mrs. Worley was comparatively negligent, however, take the position that "the

undisputed facts [] preclude any challenge to the presumption [of negligence] because

there is no evidence of Mrs. Worley's comparative negligence."  (Doc. 40, p.5).

Plaintiffs go on to argue:

> Mr. Thomas's thoughts on the safety of the intersection (as
> well as an apparent factual dispute regarding whether Mrs.
> Worley was stopped for the entire time or stopped, started,
> and stopped again) are irrelevant because Mr. Thomas
> should have reasonably expected Mrs. Worley to stop her
> vehicle until she satisfied her duty under Florida law by
> determining that the busy intersection was safe for her to
> merge.

(Doc. 40, p.5).

Defendant responds by pointing out Mr. Thomas's testimony that Mrs. Worley

was stopped at the yield sign, but then began to make the right turn.  However, for no

apparent reason, she then stopped suddenly and that is when he rear-ended her

vehicle.  Defendant contends this testimony creates a factual issue as to whether Mrs. Worley was comparatively negligent.

As an initial matter, Plaintiffs are correct that in Florida, "there is a rebuttable presumption of negligence that attaches to the rear driver in a rear-end motor vehicle collision case."  Birge v. Charron, 107 So.3d 350, 353 (Fla. 2012).  The Birge court went on the explain that "where evidence is produced from which a jury could conclude that the front driver in a rear-end collision was negligent and comparatively at fault in bringing about the collision, the presumption is rebutted and the issues of disputed fact regarding negligence and causation should be submitted to the jury."  Id. at 361.  Accordingly, as Defendant notes, the issue in this case is whether Mr. Thomas's testimony that Mrs. Worley stopped at the yield sign and then began to make the turn and rather than complete the turn, abruptly stopped, is sufficient to create a fact issue precluding summary judgment on the comparative negligence issue.

To support its argument that Mr. Thomas's testimony is sufficient to create a genuine issue of material fact, Defendant cites to Eppler v. Tarmac America, Inc., 752 So.2d 592 (Fla. 2000).  In that case, the Florida Supreme Court was presented with the following certified question:  "Does the testimony of the defendant of a sudden unexpected stop immediately after starting forward constitute sufficient evidence to overcome the presumption of negligence which attaches in a rear-end collision?"  Id. at 593.  The court answered in the affirmative.  Id.

In Eppler, the middle driver in a three-car collision sued the owner of the truck driven by the rear driver.  Id.  The middle driver testified she was struck by the truck before she started moving forward at the traffic light.  Id.  In contrast, the rear driver

testified that all the vehicles had begun to move and that the middle driver "suddenly— without warning and for no reason—slammed on her brakes." Id.  Based on these facts, the Florida Supreme Court held that the presumption of negligence on the part of the rear driver had been rebutted, as "an abrupt and arbitrary stop in such a situation is not reasonably expected" and is, "[i]n fact, ... a classic surprise." Id. at 595.  As such, the Eppler court found the case was properly submitted to the jury. Id. at 596.

In contrast, Plaintiff cites to the case of Kao v. Lauredo, 617 So.2d 775 (Fla. 3rd DCA 1993).  In Kao, a rear-end collision case, the plaintiff moved for directed verdict, which the trial court denied, finding the defendant had rebutted the presumption of negligence. Id. at 776.  The plaintiff's car had come to an abrupt stop and was struck from the rear, however, the appellate court noted that the plaintiff's "sudden stop happened at a place and time where it was reasonably expected—on a heavily congested city street during rush hour in stop and go traffic." Id. at 777.  Unlike that situation, in the present case, there is no evidence that the traffic on McCormick Road was heavy, that it was rush hour, or that there was stop and go traffic.  Instead, Mr. Thomas testified there was no traffic coming on McCormick Road and there was no apparent reason Mrs. Worley could not have completed the right turn onto McCormick Road when she stopped.  (Doc. 42, Ex. 2, p.33).

The undersigned finds the holding in Eppler very persuasive.  Like Eppler, in the instant case, Mrs. Worley testified she was stopped at the yield sign and remained so until she was struck by Mr. Thomas.  (Doc. 42, Ex. 1, p.39).  Mr. Thomas, on the other hand, testified Mrs. Worley was stopped at the yield sign and that he stopped behind her.  (Doc. 42, Ex. 2, p.9).  However, at some point, Mrs. Worley started to turn and

even though the intersection was clear (there were no other vehicles approaching, no pedestrians, and no objects in the roadway), she stopped and that is when Mr. Thomas's vehicle struck hers.  Id. at p.33.  Based on this evidence, the undersigned finds there are factual issues, which must be decided by the jury, as to whether Mrs. Worley was comparatively negligent.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiffs' Motion for partial summary judgment (Doc. 40) is **DENIED**.


**DONE** and **ORDERED** in Jacksonville, Florida this ___15th___ day of November, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record