**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KATHLEEN WORLEY and TERRY
WORLEY, her husband,

    Plaintiffs,

vs.                                                      Case No:  3:12-cv-1041-J-MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an insurance
corporation,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike or Limit the Testimony of Plaintiffs' Life Care Plan and Vocational and Rehabilitation Expert (Doc. 38) filed October 11, 2013.  Plaintiffs filed a response in opposition (Doc. 44) on November 1, 2013.  The undersigned conducted a hearing on this motion December 4, 2013, with counsel for all parties present.  Accordingly, the matter is now ripe for judicial review.

**I.  BACKGROUND**

This case arises from a motor vehicle accident occurring on September 1, 2010. Plaintiff, Kathleen Worley's, vehicle was rear ended by another vehicle.  As a result of the accident, Plaintiff is alleging injuries to her neck, low back, and right knee.  Plaintiff alleges damages in the form of future medical expenses as well as loss of earning capacity as a result of the accident.  In support of their case, Plaintiffs retained Rick Robinson, Ph.D. as their life care plan and vocational and rehabilitation expert.

In the instant motion, Defendant seeks to exclude from trial or limit the testimony of Dr. Robinson. Specifically, Defendant seeks to exclude or limit Dr. Robinson's opinions that: (1) "Plaintiff's ability to grow her business as a Health Care Risk Manager has been compromised due to the instant motor vehicle accident" and (2) the "amount of Plaintiff's future medical expenses for office visits, evaluations, therapeutic modalitites, medical supplies, and medications ranges between $293,348 [and] $687,092." (Doc. 38, p.2).

## II.  ANALYSIS

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses and provides:

> A witness who is qualified as an expert, by knowledge, skill experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 compels the Court to "perform a 'gatekeeping' function concerning the admissibility of expert testimony to ensure that speculative and unreliable opinions do not reach the jury." Gilliam ex rel. Waldroup v. City of Prattville, 667 F.Supp.2d 1276, 1294 (M.D. Ala. 2009) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 n.7, 113 S.Ct. 2786, 2794 (1993)). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999). Under Eleventh Circuit law, expert opinion evidence is admissible if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Hudgens v. Bell Helicopters/Textron, 328 F.3d 1329, 1338 (11th Cir. 2003).

In the instant case, Defendant claims Dr. Robinson's testimony fails to satisfy each of these criteria. Defendant contends Dr. Robinson is not qualified to testify as to certain matters, his opinions are not reliable, and his testimony will not assist the jury. The Court will examine each of these arguments.

**A. Qualifications**

Defendant argues Dr. Robinson "is not an expert on the cost of office visits, evaluations, therapeutic modalities, medical supplies, and medications." (Doc. 38, p.3). Dr. Robinson's Curriculum Vitae (Doc. 44, Ex. 1) reveals that he has extensive experience as a rehabilitation counselor, vocational evaluator, and life care planner. Further, he has a strong academic background and other credentials and certifications in the rehabilitation and life care planning areas. (Doc. 44, Ex. 1). The Court accordingly finds him qualified to offer expert testimony on these topics.

**B. Reliability**

Next, Defendant challenges the reliability of Dr. Robinson's opinions. Defendant claims his opinions regarding Plaintiff's future medical costs are unreliable because they are "derived from the book 'Physicians Fee Reference 2013'" and there has been no showing that this book is reliable. (Doc. 38, p.4). Plaintiff responds that the Physicians' Fee Reference is "a nationwide compendium of charges made by physicians, and organized by zip code for greater accuracy." (Doc. 44, p.4).

When determining the reliability of an expert opinion, courts consider several factors: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). "These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004) (*en banc*). Further, the Supreme Court has determined that these factors may be applied in non-scientific settings as well. See United States v. Batiste, No. 06-cr-20373, 2007 WL 5303052, at *2 (S.D. Fla. Oct. 26, 2007) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48, 119 S.Ct. 1167 (1999)).

Plaintiffs have not addressed any of these factors with respect to Dr. Robinson's reliance on the Physicians' Fee Reference. During the hearing, the Court asked counsel for Plaintiff to address them and specifically, whether reliance on the Physicians' Fee Reference is a commonly accepted practice in the field of life care planning. Counsel answered affirmatively, but did not offer any other showing of reliability. In an abundance of caution, because Defendant has called the reliability of the Physicians' Fee Reference into question and Plaintiffs have failed to adequately respond, the Court will require Plaintiffs to make a proffer of evidence via Dr. Robinson regarding the use of the Physicians' Fee Reference by life care plan experts and its reliability.

Additionally, Defendant argues Dr. Robinson's opinion that Plaintiff's injuries prevented her from growing her business is unreliable because "it is contrary to the facts." (Doc. 38, p.4). This is not a proper basis to exclude an expert's testimony. Rather, this is an area which Defendant may explore during cross examination of Dr. Robinson.

**C. Assistance to Trier of Fact**

Finally, Defendant argues Dr. Robinson's opinions regarding Plaintiff's future medical costs will not assist the trier of fact because such opinions "are not beyond the understanding of a lay person." (Doc. 38, p.5). The Court does not agree. In this case, Plaintiffs' potential damages are certainly at issue. A life care plan assigning a monetary value to medical treatments prescribed for the Plaintiff in the future obviously aides the trier of fact with respect to the amount of damages it may award. Dr. Robinson has specialized knowledge in life care planning and his report will greatly assist the trier of fact.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Strike or Limit the Testimony of Plaintiffs' Life Care Plan and Vocational and Rehabilitation Expert (Doc. 38) is **DENIED without prejudice**. This denial is conditioned on Plaintiffs making an adequate showing of reliability during their proffer prior to Dr. Robinson testifying at trial. Should Plaintiffs fail to do so, Defendant may renew this Motion

**DONE** and **ORDERED** in Jacksonville, Florida this  10th  day of December, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record